# UNITED STATED DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| DEANNA NEAL, | ] |
| Plaintiff, | ] |
| vs. | ] Case No: |
| PFTN MURFREESBORO SOUTH, LLC, | ] JURY DEMAND |
| Defendant. | ] |

## COMPLAINT
**(Injunctive Relief Demanded)**

Plaintiff, DEANNA NEAL, Individually, on her behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby files this Complaint and sues, PFTN MURFREESBORO SOUTH, LLC, (sometimes referred to as "Planet Fitness"), for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans With Disabilities Act" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. §1343.

2. Venue is properly located in the Middle District of Tennessee pursuant to 28 U.S.C. § 1391 (B) and Local Rules of the United States District Court for the Middle District of Tennessee.

3. Plaintiff, DEANNA NEAL (hereinafter referred to as "Plaintiff" or "Mrs. Neal"), is a resident of the State of Tennessee and is a qualified individual with a disability under the ADA. Mrs. Neal suffers from reflexive sympathetic dystrophy ("RSD"), also known as complex regional pain syndrome ("CRPS"), which causes chronic pain in her right foot. Mrs. Neal cannot wear a closed-toe shoe on her right foot due to the chronic pain but instead wears a flip-flop type shoe at all times when in public. Prior to instituting the instant action, Mrs. Neal visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject property of Defendant due to its lack of compliance with the ADA. Mrs. Neal continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to Defendant denying her membership to its exercise facility.

4. The Defendant is registered to do business and, is in fact, conducting business in the State of Tennessee. Upon information and believe, Planet Fitness is the owner, lessee and/or operator of the real property and improvements that is the subject of this action, specifically, an exercise facility located at and around 3060 South Church Street, Murfreesboro, Tennessee, 37127.

5. All events giving rise to this lawsuit occurred in the Middle District of Tennessee.

## COUNT I- VIOLATION OF THE ADA

6. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement it requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, Planet Fitness is a place of public accommodation and is responsible for complying with the obligations of the ADA.

8. Mrs. Neal applied for a membership with Planet Fitness on or about the last week of December, 2018. Plaintiff was contacted shortly after her application by a manager of Planet Fitness, who told Plaintiff that her application for membership was denied because Plaintiff had to wear shoes and would be a "liability" if she was allowed to join and use Defendant's exercise facility. The manager also specifically mentioned that Planet Fitness would have to admit other people with disabilities if it allowed Plaintiff to join and that Planet Fitness did not wish to admit others with disabilities.

9. Defendant has discriminated against the individual Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 *et seq.* and 28 CFR 36.302 *et seq.* Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

10. Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered by the Defendant. Prior to the filing of this lawsuit, Plaintiff was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact. In addition, Plaintiff continues to desire and intends to visit Planet Fitness, but continues to be injured in that he is unable to and continues to be discriminated against due to the barriers to access which remain at Planet Fitness in violation of

the ADA. Plaintiff has now and continues to have reasonable grounds for believing she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

11. Prior to filing this lawsuit, Plaintiff's attorney sent a letter to Planet Fitness, demanding that Plaintiff be accepted as a member of its exercise facility. Planet Fitness did not respond in any way whatsoever.

12. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. § 36.

13. Defendant is in violation of 42 U.S.C. §12181 et seq. and 28 C.F.R. §36.302 *et seq*. and is discriminating against the Plaintiff.

14. To date, the barrier to access still exists and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

15. Pursuant to the ADA, 42 U.S.C. §12101 *et seq*. and 28 C.F.R. §36.304, Defendant is required to make Planet Fintees, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, Defendant has failed to comply with this mandate.

16. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by Defendant pursuant to 42 U.S.C. §12205.

17. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facility to make it readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully submitted,

/s/ Kerry E. Knox
Kerry E. Knox, TN No. 23302
117 South Academy Street
Murfreesboro, TN 37130
(615) 896-1000
kek@castelliknox.com